FRANK S. CORNELL, RESPONDENT, v. WEST JERSEY AND
SEASHORE RAILROAD COMPANY, APPELLANT.

Submitted December 10, 1917—Decided January 31, 1918.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an appeal from a judgment of a nonsuit granted at Camden Common Pleas, in an action brought under the Federal Employers' Liability act.

"The plaintiff was injured by a protruding spike under a log which he was handling, and which was not within his view. The negligence against the company is charged as follows: That the defendant negligently and carelessly and

without fault on the plaintiff's part, permitted certain spikes or bolts to protrude from said poles, which condition was unknown to the plaintiff. We are unable to perceive in what manner the provisions of the Federal Safety Appliances act can be invoked in such a situation. The negligence charged against the company is failure to disclose a latent danger. There is no allegation that the failure to supply hooks with which to handle the poles was the proximate cause of the injury.

"The plaintiff testified that the spike which injured him was concealed so that in obeying instructions he could not see it, and because of this latent danger he received the injury. The bolt caught the plaintiff's glove, and the force of the falling log lifted him a distance as it went over the car, causing the injury.

"We think this situation presented a jury question. It cannot be assumed that he saw the concealed hook or bolt or that it was his duty to see it.

"The difficulty we have with the case is that as the evidence stands, it appears that the plaintiff, who was employed as lineman, helped to unload poles, which had hooks in them, of which fact he alleges he had no knowledge or warning, and that in the haste with which the work was done he could not reasonably be expected to observe the condition of the pole.

"The case presents the inquiry whether there was any negligence on the part of the master in failing to use reasonable care to observe conditions, all of which considerations present a jury question.

"We think the case in its essential facts is not unlike that of *Hauser* v. *American Smelting Co.*, 85 *N. J. L.* 685, and the cases therein referred to.

"The judgment of nonsuit will be vacated and a *venire de novo* will issue."

For the appellant, *Gaskill & Gaskill.*

For the respondent, *Wescott & Weaver.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, GARRISON, TREN-CHARD, BERGEN, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 7.

*For reversal*—PARKER, BLACK, GARDNER, JJ. 3.